**Reversed and Remanded and Opinion Filed October 21, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01250-CV**

**PETER SCOTT, Appellant**
**V.**
**ANDREW GRIM AND RACHEL GRIM, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-02984-E**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Wright[1]
Opinion by Justice Reichek

In this interlocutory appeal, Peter Scott contends the trial court erred in denying his motion to compel arbitration of the claims asserted against him by Andrew and Rachel Grim. Because we conclude (1) the agreement to arbitrate is enforceable by Scott and (2) the agreement delegates arbitrability issues to the arbitrator, we reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

---

[1] The Hon. Carolyn Wright, Justice, Assigned

## Background

In February 2020, the Grims purchased a residential home in Dallas, Texas and began the process of renovating the property. Scott, as the principal and managing member of Jim Scott and Sons Builders LLC ("JSS"), submitted a bid for his company to do the remodeling work. On June 8, 2020, the Grims paid Scott an initial deposit of $201,050 to begin work on the house. Four months later, they signed a Construction Agreement with JSS with an effective date of May 21, 2020.

The Construction Agreement defines the parties to the contract to be Andrew and Rachel Grim as the owners and JSS as the contractor. The contract includes an arbitration provision stating in part,

> The Parties agree that any case of any controversy or claim arising out of or relating to this Contract, including but not limited to the breach of any provision hereof, or the Project, shall be submitted to mediation (the Parties to mutually agree upon a mediator) with the Parties splitting the cost of any mediation fees and, if not settled during mediation, shall thereafter be submitted to binding arbitration. The arbitrator shall be selected by the mutual agreement of the Parties or, if the Parties cannot agree, the selection will be made pursuant to the American Arbitration Association ("AAA") Construction Industry Rules from a panel of arbitrators approved by the AAA. The arbitration shall be conducted pursuant to the AAA Construction Industry Rules.

Immediately following the arbitration provision is a provision entitled "Binding Effect." The Binding Effect provision states,

> This Contract and the terms, covenants, conditions, provisions, obligations, rights, and benefits shall be binding upon and shall inure to the benefit of the Parties and their respective directors, officers, members, employees, agents, legal representatives, successors, predecessors, and assigns.

The contract specifies it is to be interpreted, enforced, and governed under the laws of the State of Texas, and any arbitration or mediation of claims arising under the contract is to be conducted in Dallas County. Both the Grims signed the contract in their individual capacities as the owners of the property. Scott signed the contract on behalf of JSS as the company's principal.

The Grims filed this suit on May 17, 2023 asserting claims against Scott for fraudulent inducement, fraudulent misrepresentation, fraud by non-disclosure, misapplication of construction trust funds, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act.[2] They later added claims for conversion, trespass, and conspiracy. In the "Overview" section of their live pleading, the Grims asserted the basis of their suit was that Scott had fraudulently induced them into hiring him to manage a construction project he was "completely unqualified to handle."

Scott filed a motion to compel arbitration asserting the Construction Agreement included a valid agreement to arbitrate all claims arising out of or relating to either the agreement or the construction project. Scott further argued the agreement delegated issues of arbitrability to the arbitrator. The Grims responded that their agreement to arbitrate was with JSS, not Scott, and their claims against Scott were not based on his actions as an agent for JSS or the work he performed

---

[2] The Grims additionally asserted claims against Tulip Project Group LLC, a separate entity allegedly owned by Scott. Tulip Project Group is not a party to this appeal.

pursuant to the contract. In addition, the Grims argued the conduct made the basis of their claims occurred before they signed the Construction Agreement.

The trial court conducted a hearing on Scott's motion. After considering the parties' arguments and the evidence submitted, the trial court denied Scott's request to compel arbitration. Scott brought this appeal.

**Analysis**

We review a trial court's order denying a motion to compel arbitration for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Under that standard, we defer to the trial court's factual determinations if they are supported by evidence and review its legal determinations de novo. *Id.*

The Construction Agreement does not reference either the Federal Arbitration Act or the Texas Arbitration Act, but states that the laws of the State of Texas apply. A general choice-of-law provision does not select the TAA to the exclusion of the FAA. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 803 (Tex. App.—Dallas 2008, pet. denied). Instead, both acts apply and the FAA will preempt the TAA only if the TAA is inconsistent with the FAA or would subvert enforcement of an agreement otherwise enforceable under the FAA. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006); *PER Group, L.P. v. Dava Oncology, L.P.*, 294 S.W.3d 378, 384 (Tex. App.—Dallas 2009, no pet.).

Arbitration is a matter of contract, and a party cannot be required to submit a dispute to arbitration it has not agreed to so submit. *AT & T Techs., Inc. v. Commc'ns*

*Workers of Am.*, 475 U.S. 643, 648 (1986); *Barantas Inc. v. Enterprise Fin. Grp. Inc.*, No. 05-17-00896-CV, 2018 WL 3738089, at *6 (Tex. App.—Dallas Aug. 7, 2018, no pet.). A party seeking to compel arbitration must establish (1) there is a valid arbitration agreement and (2) the claims in dispute fall within that agreement's scope. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015); *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). Whether a binding arbitration agreement exists between specific parties is a gateway matter ordinarily committed to the trial court to decide. *G.T. Leach*, 458 S.W.3d at 524; *Zurvita Holdings, Inc. v. Jarvis*, No. 05-23-00661-CV, 2024 WL 1163209, at *8 (Tex. App.—Dallas March 14, 2024, pet. filed) (mem. op.). As a general rule, an arbitration provision cannot be invoked by a non-signatory to the contract. *G.T. Leach*, 458 S.W.3d at 524. Ultimately, the question requires us to apply ordinary principles of contract law to determine the intent of the parties, as expressed in the agreement. *Id.* The language of a contract can extend enforcement rights to non-signatories. *See Rubiola*, 334 S.W.3d at 225; *see also Amazon.com Servs., LLC v. De La Victoria*, No. 14-23-00493-CV, 2024 WL 3941376, at *12 (Tex. App.—Houston [14th Dist.] Aug. 27, 2024, no pet. h.); *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008).

"[S]ignatories to an arbitration agreement may identify other parties in their agreement who may enforce arbitration as though they signed the agreement themselves." *See Rubiola*, 334 S.W.3d at 226. Scott argues the Binding Effect

–5–

provision in the Construction Agreement does exactly this. We agree. The language of the provision unambiguously grants a director, officer, member, employee, agent, or legal representative of JSS the benefit of any and all of the agreement's covenants including the arbitration provision. In his affidavit in support of his motion to compel arbitration, Scott testified he was the principal and managing member of JSS. These positions bring Scott within the scope of those who may enforce the Construction Agreement under the Binding Effect provision.

The Grims contend the arbitration provision does not apply to Scott because the provision refers only to the "Parties" and the agreement's definition of the term "Parties" does not reference agents or others affiliated with JSS. But the language of the Binding Effect provision achieves the same result as an expanded definition of the term "Parties." The provision binds those in the positions listed to all of the Construction Agreement's terms as if they were parties and grants them the same rights. *See Jody James Farms, JV v. Altman Grp., Inc.* 547 S.W.3d 624, 633 (Tex. 2018); *Amazon.com*, 2024 WL 3941376, at *11 (being named as party to agreement not only way agreement can grant non-signatory right to compel arbitration); *see also Sherer*, 548 F.3d at 380–82. As signatories to the agreement, the Grims were put on notice that they could be forced to arbitrate claims with persons affiliated with JSS by virtue of the Binding Effect provision.

The Grims additionally argue standard canons of contract construction require us to conclude the arbitration provision is not enforceable by Scott individually. The

–6–

rules of construction upon which they rely are that (1) specific provisions control over general provisions and (2) provisions stated earlier in an agreement are favored over subsequent provisions. *Sefzik v. Mady Dev., L.P.*, 231 S.W.3d 456, 462 (Tex. App.—Dallas 2007, no pet.). These rules come into play only if there are conflicts between or among a contract's provisions. *Id*. Here, the Binding Effect provision does not conflict with the arbitration provision, but merely expands its application. Nothing in the arbitration provision purports to prevent the extension of the rights granted under it to third parties. We conclude the Binding Effect provision grants Scott the right to enforce the arbitration provision in the Construction Agreement.

Having concluded the arbitration provision is enforceable by Scott, we turn to the matter of the arbitrability of the claims asserted against him by the Grims. Scott contends that, pursuant to *TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC* 667 S.W.3d 694 (Tex. 2023), an agreement to arbitrate disputes in accordance with the AAA Rules unmistakably demonstrates an intent to delegate issues of arbitrability, such as the scope of claims covered, to the arbitrator. *Id*. at 712. Because the arbitration clause in this case states that any arbitration will be conducted pursuant to the AAA Rules, Scott argues the issue of whether the Grims's claims are covered by the arbitration agreement is a matter to be decided by the arbitrator rather than the court. Relying on *Jody James*, the Grims argue

*TotalEnergies* does not apply to claims against a non-signatory.[3]  *See Jody James*, 547 S.W.3d at 632.  We conclude *Jody James* does not, as the Grims suggest, negate the effect of the agreement's incorporation of the AAA rules in this case.

In *Jody James*, the supreme court held that a contract that incorporates the AAA rules but is silent about arbitrating claims against non-signatories does not unmistakably delegate to the arbitrator the determination of whether such claims are subject to arbitration.  *Id.*  The supreme court further held that a contract is silent about arbitrating claims against non-signatories when it "does not expressly provide that certain non-signatories are considered parties or otherwise expressly extend the contract's benefits to third parties."  *Id.* at 633 (internal quotation omitted).  As discussed above, the Construction Agreement at issue expressly extends the contract's benefits to third parties such as Scott.  Therefore, unlike the contract discussed in *Jody James*, the Construction Agreement is not silent about arbitrating claims against non-signatories and the incorporation of the AAA rules demonstrates an intent to delegate the determination of the arbitrability of those claims to the arbitrator.

---

[3] Although not raised in the trial court or in their brief on appeal, the Grims additionally contended during oral argument before this Court that there is insufficient evidence of delegation because Scott did not submit a copy of the AAA Rules with his motion to compel arbitration.  *See PER Group*, 294 S.W.3d at 386.  While the Rules were not attached as an exhibit, Scott's motion contained an electronic hyperlink to the full set of Rules online.  The Grims did not object to the Rules being submitted to the trial court in this manner or raise any other objections to the court's consideration of the online document.

This Court has recognized that the concerns identified in *Jody James* of "foisting an arbitration agreement" on a non-signatory to the contract do not exist when it is the non-signatory who is attempting to enforce the arbitration provision. *Ruff v. Ruff*, No. 05-18-00326-CV, 2020 WL 4592794, at *4 (Tex. App.—Dallas Aug. 11, 2020, pet. denied) (mem. op.). The Grims have not challenged the validity of the arbitration provision on either legal or public policy grounds. Accordingly, the trial court had no discretion but to enforce the provision as written. *See RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 123 (Tex. 2018).

The arbitration provision states that claims must first be submitted to mediation and, if not settled during mediation, they must then be submitted to binding arbitration. The record contains a mediation order dated two weeks after the trial court denied Scott's motion to compel. There is no indication the mediation has occurred. Consistent with the terms of the arbitration clause in the Construction Agreement, we direct the trial court to order to the parties to arbitration if mediation is unsuccessful.

231250f.p05

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE

–9–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PETER SCOTT, Appellant

No. 05-23-01250-CV        V.

ANDREW GRIM AND RACHEL
GRIM, Appellees

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-23-02984-
E.
Opinion delivered by Justice
Reichek. Justices Nowell and Wright
participating.

In accordance with this Court's opinion of this date, the order of the trial court denying the motion to compel arbitration is **REVERSED** and this cause is **REMANDED** to the trial court to order to the parties to arbitration if mediation is unsuccessful.

It is **ORDERED** that appellant PETER SCOTT recover his costs of this appeal from appellees ANDREW GRIM AND RACHEL GRIM.

Judgment entered this 21st day of October, 2024.